Mitchel T. Rice, No. 6022
Andrea M. Keysar, No. 12139
Marianne Schumann, No. 14781
MORGAN, MINNOCK, RICE & MINER, L.C.
Kearns Building, Eighth Floor
136 South Main Street
Salt Lake City, Utah   84101
Telephone No.: (801) 531-7888
Facsimile No.: (801) 531-9732
Email: mrice@mmrm.com

*Attorneys for Walmart Inc. and Kurt Harbin*

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF UTAH, SOUTHERN DIVISION

| | |
|---|---|
| CANYON CASTENEDA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>WALMART INC., KURT HARBIN; DOE WALMART EMPLOYEES 1-10; DOE WALMART MANAGERS 1-10; AND DOE RETAIL JOBBERS 1-10,<br><br>　　　　Defendants. | **NOTICE OF REMOVAL**<br><br><br>Case No. 4:20-cv-00116-DN<br><br>Judge David Nuffer |

NOTICE IS HEREBY GIVEN that Defendant, Walmart Inc., by and through its Counsel of record, hereby removes this action from the Fifth Judicial District Court, Iron County, State of Utah, to the United States District Court, District of Utah, Southern Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and respectfully states as follows:

1.      Plaintiff, Canyon Casteneda, filed this civil action, Case Number 200500148, against Defendants in the Fifth Judicial District Court, Iron County, State of Utah, on or about August 28, 2020.   (A copy of the Complaint is attached as Exhibit "A").

2.      Defendants were served on or about October 5, 2020.   (A copy of the Summons is attached as Exhibit "B").

3.      As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because Defendants have (1) satisfied the procedural requirements for removal, and (2) this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332.

4.      Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Counsel for Plaintiff, and a copy is also being filed with the Clerk of the Court for the Fifth Judicial District Court.

5.      With respect to diversity, the citizenship of the Parties is diverse in this action, and is set forth below.

6.      According to the Complaint, Plaintiff, Canyon Casteneda, was at the time of commencement of this action a resident of the State of Washington.   (Complaint ¶ 1, Exhibit "A").

7.      Upon information and belief based on a search of public records, Plaintiff is currently a resident of, and domiciled in, Benton County, Oregon.

8.      Based on public records, Plaintiff is not, and never has been, domiciled in Delaware or Arkansas.

9.      Defendant, Walmart Inc., is and was at the time of commencement of this action a Delaware Corporation with its principal place of business in Bentonville, Arkansas.

10.     Defendant, Kurt Harbin, is and was at the time of commencement of this action a resident of the State of Utah.

11.     The Defendants note that, ordinarily, removal is improper where one Defendant is a citizen of the forum State.   28 U.S.C. § 1441.   The United States Court of Appeals for the Tenth Circuit, however, recognizes "fraudulent joinder."   The legal effect of fraudulent joinder is a complete disregard of the joined party's citizenship for purposes of determining whether federal jurisdiction exists.   *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013).   "To establish fraudulent joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."   (*Id.*).

12.     In this case, Plaintiff alleges the accident giving rise to her claim occurred on October 11, 2016, in the Cedar City Walmart location.   (Complaint ¶¶ 12–15).

13.     Plaintiff has named the current store manager at this location, Kurt Harbin, as a Defendant, and has alleged he was the manager on the date of the incident pled in the Complaint. (Complaint ¶¶ 3 and 12–15).

14.      Mr. Harbin, however, did not work at, or become a manager of, the Cedar City Walmart until June, 2018.   He did not work at, was not present at, and had no authority over the Cedar City store on the date of the alleged incident.   (Declaration of Kurt Harbin, attached as Exhibit "C").

15.     Since Mr. Harbin was not present at the store, did not work at the store, and had no authority over store operations on the date of the alleged incident, Plaintiff cannot establish a cause of action against him in State Court.

16.     Therefore, Kurt Harbin appears to have been joined for the sole purpose of defeating diversity jurisdiction.   He should be dismissed as a party from the action, and his citizenship should be disregarded for the purpose of determining diversity.   *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013).

17.     Based on the foregoing, there is complete diversity between the Parties.

18.     With respect to the amount in controversy, Plaintiff designated this action as "Tier Three" for purposes of Discovery under Utah Rule of Civil Procedure 26(c), demonstrating that Plaintiff is alleging damages in excess of $300,000.   (Complaint ¶ 6, Exhibit "A").

19.     With respect to the amount in controversy, Plaintiff has alleged that she sustained physical and emotional pain and suffering, past and future medical expenses, past and future loss of enjoyment of life, past and future permanent disability, past and future living expenses, past and future lost household services, past and future disfigurement, and more.   (*Id.* ¶ 40, Exhibit "A").

20.     With respect to the amount in controversy, Plaintiff is seeking, among other things, general damages, special damages, and punitive damages.   (*Id.* at 8-9, Exhibit "A")

21.     Based on the foregoing, Plaintiff's alleged injuries and damages are sufficient to support a claim in excess of $75,000, and thereby satisfy the requisite amount in controversy for removal of this case.   *McPhail v. Deere & Comp.*, 529 F.3d 947, 956 (10th Cir. 2008)("A complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal.").

22.     Due to the complete diversity of the Parties to this action, and the amount in controversy in excess of $75,000, this case meets the requirements for removal to Federal Court pursuant to 28 U.S.C. § 1332.

23.     Venue is proper in the United States District Court, District of Utah, Southern Division, because the lawsuit was filed in Iron County, State of Utah.

24.     Defendants request for removal is properly being made within 30-days of receipt of the Summons and Complaint by Defendants.

WHEREFORE, Defendants respectfully remove this action from the Fifth Judicial District Court, Iron County, State of Utah, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and respectfully request that this Court assume complete jurisdiction over this action and exclude any further proceedings in State Court.

DATED this 19th day of October, 2020.

MORGAN, MINNOCK, RICE & MINER, L.C.


*/s/ Mitchel T. Rice*
Mitchel T. Rice
Andrea M. Keysar
Marianne Schumann
*Attorneys for Defendants Walmart Inc. and Kurt Harbin*

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of October, 2020, I caused a true and correct copy of the

foregoing **NOTICE OF REMOVAL** to be served via the Court's electronic filing system, and USPS

first-class mail, postage pre-paid, to the following via the Court's electronic filing system:

> Joshua P. Berrett
> BIGHORN LAW
> 2230 N. University Parkway, #2C
> Provo, Utah 84604
> *Attorneys for Plaintiff Canyon Casteneda*

> */s/ Krystal Day*