Joshua P. Berrett (13642)
BIGHORN LAW
2230 N. University Parkway, #2C
Provo, UT 84604
Tel: (801) 669-6519
Fax: (801) 797-3320
josh@bighornlaw.com
*Attorneys for Plaintiff*

## IN THE FIFTH JUDICIAL DISTRICT COURT

## IRON COUNTY, STATE OF UTAH

| | |
|---|---|
| CANYON CASTENEDA,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC.; KURT HARBIN; DOE WALMART EMPLOYEES 1-10; DOE WALMART MANAGERS 1-10; and DOE RETAIL JOBBERS 1-10.<br><br>Defendants. | **COMPLAINT**<br><br>**TIER III**<br><br>Case No. _____<br><br>Judge _____ |

Plaintiff Canyon Casteneda, by and through the undersigned counsel, hereby complains and alleges against Walmart Inc., Doe Walmart Employees 1-10, Doe Walmart Managers 1-10, and Doe Retail Jobbers 1-10, as follows:

### I.     PARTIES, JURISDICTION & VENUE

1.     Plaintiff Canyon Casteneda ("Plaintiff" or "Canyon") is a resident of the State of Washington.

2.     Upon information and belief, Defendant Walmart Inc. ("Walmart") is a foreign entity that is registered to and regularly conducts business in the State of Utah, who may be served through

1

its registered agent in this State, CT Corporation, 1108 E South Union Ave., Midvale, Utah 84047. Walmart is the owner of the premises where the incident giving rise to this lawsuit occurred, specifically, the store referred to as Walmart Supercenter Store #1438, located at 1330 S. Providence Center Drive, Cedar City, Utah 84720 (the "Premises").

3. Upon information and belief, Defendant Kurt Harbin ("Defendant Harbin"), was and is the store manager of Defendant Walmart.

4. Upon information and belief, Defendant Harbin was and is a resident of Iron County, Utah.

5. Defendants Doe Walmart Employees 1-10, Doe Walmart Managers 1-10, and Doe Retail Jobbers are persons who were employed, managed, or performed work at the Walmart store on the Premises and were responsible for stocking, employee conduct, store management, policies and procedures on employee conduct, and/or setting up store displays at the Walmart store on the Premises, and may be individuals, partnerships, corporations, or other business entity which owned or managed the employees at the Walmart store or the business of setting up store displays at the Walmart store on the Premises. Plaintiff alleges that each of the defendants designated herein as a DOE defendant is responsible in some manner for the conduct and damages alleged herein but whose identity is not yet known, and Plaintiff requests leave of Court to amend her Complaint to name each such defendant when his, her, or its identity becomes known.

6. Pursuant to Rule 26(c) of the Utah Rules of Civil Procedure, Plaintiff elects Tier III for discovery purposes.

7. Jurisdiction is proper in this Court under Utah Code § 78A-5-101 *et seq.*

8. Venue is proper in this Court under Utah Code § 78B- 3-307.

9. That in person jurisdiction may be properly exercised by the Fifth Judicial District

2

Court, in and for Iron County, Utah over all of the parties.

10. That subject matter jurisdiction is proper before the Fifth Judicial District Court, in and for Iron County, Utah.

## II. ALLEGATIONS

11. The preceding paragraphs are incorporated herein as if set forth in full in this section.

12. Upon information and belief, on October 11, 2016, Defendant Walmart owned or leased and occupied, operated, controlled and/or otherwise maintained the Walmart store on the Premises, located at 1330S. Providence Center Drive, Cedar City, Utah 84720.

13. Upon information and belief, at all times relevant to this action, Defendants Harbin, Doe Walmart Employees, Doe Walmart Managers, and/or Doe Retail Jobbers were hired to operate, maintain, and/or control the Premises.

14. On or about October 11, 2016, Canyon was an invitee on the Premises.

15. On or about October 11, 2016, and for some time prior thereto, Defendants (by and through its authorized agents, servants, and/or employees, acting within the course and scope of their employment) negligently and carelessly owned, maintained, operated, occupied, and/or controlled the Premises.

16. Upon information and belief, as Canyon shopped, Defendants Harbin and/or Doe Walmart Employees and/or Doe Walmart Managers and/or Doe Retail Jobbers were stacking large, metal products on the shelves of the Walmart Supercenter store on the Premises.

17. As Defendants Harbin and/or Doe Walmart Employees and/or Doe Walmart Managers and/or Doe Retail Jobbers performed these services, they were engaged in horse play. As they teased and joked with each other, they caused the product they were stocking on shelves at the store to fall on Canyon.

18. The products being stocked on the shelves at the Walmart Supercenter store struck Canyon, causing her serious and significant injuries.

19. The injuries sustained by Canyon caused her to need emergent case, and the results of her injuries continue to this day, specifically including medical care for her foot, ankle, spinal injuries, anxiety, and depression related to her injuries and ongoing pain and suffering caused by the incident that occurred at the Walmart Supercenter store on the Premises.

### III. FIRST CAUSE OF ACTION

### NEGLIGENCE

20. The preceding paragraphs are incorporated herein as if set forth in full in this section.

21. Upon information and belief, at all times relevant to this action, Defendant Walmart was the owner or lessee and occupied, operated, maintained, and/or controlled the premises known as the Walmart Supercenter store located on the Premises.

22. Upon information and belief, at all times relevant to this action, Defendants, Walmart and/or Harbin and/or Doe Walmart Employees 1-10 and/or Doe Walmart Managers 1-10 and/or Doe Retail Jobbers 1-10 (together, "Defendants"), and each of them, were responsible for ensuring that the Premises was not used in a negligent, reckless and/or careless manner and was otherwise safe for business invitees on the Premises.

23. On or about October 11, 2016, Defendants, and each of them, by and through their authorized agents, servants, and/or employees, were negligent in their owning, maintaining, operating, occupying, stocking, shelving and/or control of the Premises.

24. Upon information and believe, at all times relevant to this action, Defendants', and each of their, actions and the lack of supervision and training over the employees did create a dangerous and hazardous condition on the Premises.

25. Defendants, and each of them owed Canyon a duty of care to provide a safe environment for Canyon while she was an invitee at the Walmart Supercenter store on the Premises, taking all reasonable precautions to ensure the safety of its patrons, including Canyon.

26. Defendants, and each of them, owed Canyon a legal duty to not engage in conduct that could, and did, cause products that were being placed on shelves to fall and strike Canyon while she shopped at the Walmart Supercenter store on the Premises.

27. Defendants, and each of them, owed Canyon a legal duty to prevent employees or others from engaging in conduct that could, and did, cause products that were being placed on shelves to fall and strike Canyon while she shopped at the Walmart Supercenter store on the Premises.

28. Defendants, and each of them, owed Canyon a duty to inspect the premises and discover any dangerous conditions, and to remedy those conditions.

29. Defendants, and each of them, owed Canyon a legal duty to inspect the premises and to warn Plaintiff of dangerous and/or hazardous conditions.

30. As a direct and proximate result of Defendants' breaches, Canyon was seriously injured.

31. Defendants, and each of them, negligently, carelessly, and recklessly failed to properly manage the Walmart Supercenter on the Premises, thereby creating a dangerous condition. Defendants, and each of them, also negligently failed to warn its patrons, and more particularly Canyon, of the dangers and hazards of her shopping around the area where the shelves were being stocked by the store's employees or retail jobbers.

32. Defendants, and each of them, were negligent, reckless, and/or careless in their multiple breaches of duties owed to Canyon, including in the following ways:

   (i) Failing to supervise the work performed at the Walmart Supercenter store on the Premises so as to furnish Canyon a safe walkway, free from hazards and falling objects, which were recognized or should have been recognized as likely to occur

5

    by the manner and conduct engaged in by the employees, managers, or retail jobbers, at the time;

  (ii) Failing to properly train the employees, managers, and/or retail jobbers in performing work at the Walmart Supercenter store on the Premises so as to avoid and unreasonable risk of harm to invitees;

  (iii) Failing to prevent invitees from being placed in danger by being allowed to shop in areas that were being stocked with merchandise that could, and did here, fall and strike Canyon;

  (iv) Failing to secure the area and/or provide any type of warning to invitees of the risk of falling objects where the employees, managers, and/or retail jobbers were performing work;

  (v) Engaging in negligent, reckless and/or careless conduct in the stocking and/or shelving of the items at issue;

  (vi) Engaging in dangerous horseplay without regard for the safety of the shoppers on the Premises, including Canyon; and

  (vii) Failing to maintain the premises owned and/or operated by Defendants in good and safe condition for Canyon and others.

33. Upon information and belief, Defendants, and each of them, violated certain state and local statutes, rules, regulations, codes and ordinances, and Plaintiff will pray leave of Court to insert the exact citations at the time of trial.

34. That as a direct and proximate result of these events and circumstances, Plaintiff sustained injuries for which she had to seek medical care.

35. That as a direct and proximate result of these events and circumstances, Plaintiff has had to incur medical bills for her medical care, which care and treatment will be proven hereafter.

36. That as a direct and proximate result of these events and circumstances, Plaintiff was caused to be disabled and unable to work and support herself and was thereby made to suffer a loss of income in an amount to be proven hereafter.

37. That prior to the injuries complained of herein, Canyon was an able-bodied individual, capable of engaging in all activities for which she was otherwise suited. By reason of the condition of the premises described herein, and as a direct and proximate result of the negligence of Defendants, and each of them, Canyon was caused to be disabled and limited and restricted in her occupations and activities, which caused Plaintiffs a loss of wages in an amount to be proven at trial.

## IV.   DAMAGES

38. The preceding paragraphs are incorporated herein as if set forth in full in this section.

39. As a direct and proximate cause of the acts and omissions of the Defendants, and each of them, complained of herein, Canyon has suffered special damages and general damages in a sum subject to proof at trial.

40. As a direct and proximate cause of the acts and omissions of the Defendants complained of herein, Canyon was injured, and she has incurred the following damages:

   (i)   Past and future physical pain and suffering;

   (ii)  Past and future emotional pain and suffering;

   (iii) Past and future medical expenses, including, but not limited to, hospital care, surgical care, physical therapy, rehabilitation expenses, and other medical providers;

   (iv)  Past and future loss of enjoyment of life;

   (v)   Past and future permanent disability;

   (vi)  Past and future living expenses, including rehabilitative costs and costs associated with medical devises and aids to assist Plaintiff;

7

      (vii)    Past and future lost household services;

      (viii)   Past and future disfigurement;

      (ix)     Loss of earnings and earning capacity;

      (x)      Past and future special damages; and

      (xi)     Past and future general damages.

41. Defendants, together, and individually, should be held liable for Canyon's damages, both economic and non- economic.

42. That Plaintiff should be entitled to pre-judgement interest on his economic and non-economic from the date of injury until trial and/or upon entry of judgement.

## V.　DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of all issues in this action triable of right by a jury and submits herewith thee statutory jury fee.

## VI.　PRAYER FOR RELIEF

Based on the Foregoing, Plaintiff Canyon Casteneda prays for a judgment in her favor and against Defendant Walmart Inc., and all fictitious Defendants, as follows:

1. For an order and award of general damages in an amount to be determined by the trier of fact.

2. For an order and award of special damages in an amount to be determined by the trier of fact.

3. For an order and award of pre- and post-judgment interest at the highest rate allowable by law.

4. For an order and award of exemplary and punitive damages in an amount to be determined by the trier of fact.

5. For an order and award of economic damages for lost earnings, lost earning capacity, and

loss of household services.

6. For an order and award of non-economic damages, to be determined by the trier of fact.

7. For an order and award of reasonable costs and expenses in bringing this lawsuit.

8. For an order and award of reasonable attorney's fees if this Court determines that any defense to this action is without merit or not asserted in good faith

9. ·For any further legal or equitable relief that this Court deems proper and just.

DATED this 28th day of August, 2020.

**BIGHORN LAW**

*/s/ Joshua P. Berrett*
Joshua P. Berrett (13642)
BIGHORN LAW
2230 N. University Parkway, #2C
Provo, UT 84604
Tel: (801) 669-6519
Fax: (801) 797-3320
josh@bighornlaw.com
*Attorneys for Plaintiff*

PLAINTIFF'S ADDRESS:

Canyon Casteneda c/o
Joshua P. Berrett
**BIGHORN LAW**
331 South Rio Grande Street, Ste. 200
Salt Lake City, Utah 84101
Tel: (801) 669-6519