Mitchel T. Rice, No. 6022
Andrea M. Keysar, No. 12139
Marianne Schumann, No. 14781
MORGAN, MINNOCK, RICE & MINER, L.C.
Kearns Building, Eighth Floor
136 South Main Street
Salt Lake City, Utah 84101
Telephone No.: (801) 531-7888
Facsimile No.: (801) 531-9732
Email: mrice@mmrm.com

*Attorneys for Defendants Walmart Inc. and Kurt Harbin*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, SOUTHERN DIVISION

| | |
|---|---|
| CANYON CASTENEDA,<br><br>        Plaintiff,<br><br>vs.<br><br>WALMART INC., KURT HARBIN; DOE WALMART EMPLOYEES 1-10; DOE WALMART MANAGERS 1-10; AND DOE RETAIL JOBBERS 1-10,<br><br>        Defendants. | **OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>Case No.:  4:20-cv-00116-DN<br><br>Judge:  Honorable David Nuffer |

## INTRODUCTION

Defendants Walmart Inc. ("Walmart") and Kurt Harbin, through their Counsel of record, hereby file this Opposition to Plaintiff's Motion for Leave to File First Amended Complaint.  That Amendment serves no practical purpose, and is intended only to destroy this Court's diversity jurisdiction.  Therefore, under the standards set forth for post-

removal amendments to add non-diverse parties, leave to amend should be denied.  The basis for denial is more fully set forth in the supporting memorandum below.

## BACKGROUND

1. Plaintiff's original Complaint was brought against Walmart, as well as Kurt Harbin, the current manager of the Cedar City Store where Plaintiff's accident took place.  *See Complaint*.

2. That Complaint contained fictional allegations that on October 11, 2016, Mr. Harbin was "stacking large, metal products," and was "engaged in horse play" causing products to fall on Plaintiff.  *See Complaint* at ¶¶ 12, 16–17.

3. The fictional nature of those allegations is demonstrated by the fact Mr. Harbin was not a manger at the Cedar City store in 2016, did not work at that store, and never went into that store in any capacity whatsoever during October 2016.  *Declaration of Kurt Harbin*, attached as Exhibit "A."

4. Based on Plaintiff's joinder of Mr. Harbin as a sham defendant, and the complete diversity between the appropriately-named parties to the suit, Defendants removed this case to federal court on October 19, 2020.

5. Defendants made their Initial Disclosures, indicating that Ms. Judith Barlow had a conversation with Plaintiff after the occurrence, that Ian Shipley was a witness to the occurrence, and producing a customer statement created by Plaintiff indicating she reported the incident to "Marshall, AP Mgr."

6.  The only person in Plaintiff's vicinity when the incident occurred was Ian Shipley. Per his statement he was zoning the top shelf of a section to the side of where Plaintiff was located—and was not zoning the section of shelving from which a can of soup fell. *Witness Statement of Ian Shipley*, attached as Exhibit "B."

7.  Plaintiff now seeks to amend her Complaint to name: Kurt Harbin, (again even though Plaintiff is aware he was not present in or employed at the subject store location); Judith Barlow, who spoke to the Plaintiff after the incident; "Marshall LNU", who Plaintiff indicates she reported the incident to after the fact; and Ian Shipley, who was to all appearances the only Walmart employee anywhere in Plaintiff's vicinity when the accident occurred. *See Exhibit "A," to Plaintiff's Motion for Leave to Amend.*

8.  Plaintiff seeks to re-allege that Mr. Harbin was the store manager at that time of the incident. *Id*.

9.  Plaintiff further seeks to allege that each of the proposed defendants, including Mr. Harbin, was "stacking large, metal products," "engaged in horse play" and caused a large metal object to hit Plaintiff. *Id*.

## ARGUMENT

### I.

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND SHOULD BE DENIED BECAUSE THE ADDITION OF WALMART EMPLOYEES HAS NO PRACTICAL PURPOSE, IS BASED ON CREATIVE FICTIONAL ALLEGATIONS, AND ONLY SERVES TO DEFEAT DIVERSITY JURISDICTION**

In her Motion, Plaintiff outlines the standard generally governing motions for leave to amend as noted in Rule 15 of the Federal Rules of Civil Procedure.  Plaintiff, however, does not discuss the more applicable heightened standard for evaluating a leave to amend to include a non-diverse party in a case pending before a federal court based on diversity jurisdiction.  *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987).  "The district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment."  *Id.* at 1182.

Before granting leave to amend, a court must first consider if "the party sought to be joined is indispensable" under Rule 19.  *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008).  If the party is indispensable, leave should be granted.  If the party is not indispensable, the district court is permitted by Rule 20 to deny the motion to amend.  *Id.*; 28 U.S.C.S. § 1447 ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.").  "Although § 1447(e) speaks of joinder, it [applies] when the complaint is amended to replace 'John Doe' defendants with defendants identified by name."  *McPhail*, 529 F.3d at 951.

In making the decision of whether to permit joinder, the district court considers several factors that include "whether the amendment will result in undue prejudice," and whether the request to amend was made in good faith.  *State Distribs., Inc. v. Glenmore*

*Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984).  An amendment to include a non-diverse party should be considered not in good faith if it was principally motivated by the plaintiff's desire "to have [her] action remanded to the state forum, the one that [she] had originally chosen as best suited to [her] purposes."  *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980); *Hensgens*, 833 F.2d at 1182 ("the court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction").

As an important part of the analysis, it should be noted that "the diverse defendant has an interest in retaining the federal forum."  *Hensgens*, 833 F.2d at 1182.  The interest of a defendant in retaining diversity jurisdiction is so important it is also protected by Rule 21, which permits district courts to preserve their jurisdiction by dropping non-divers parties at any time so long as those parties are not indispensable.  *Lenon v. St. Paul Mercury Ins. Co.*, 136 F.3d 1365, 1371 (10th Cir. 1998).  "When an amendment would destroy jurisdiction, most authorities agree that leave should be denied unless there exist strong equities in its favor."  *Whitworth v. TNT Bestway Transp.*, 914 F. Supp. 1434, 1435 (E.D. Tex. 1996).

### A.   The Parties Plaintiff Seeks to Add Are Not Indispensable

First, and most importantly, the individuals Plaintiff seeks to name are not indispensable, and would not be indispensable even if the facts were to show any of them bore any fault for the occurrence.  The Tenth Circuit "has held that non-diverse [agents]

are not indispensable for purposes of complete relief where the principal was already included as a defendant." *Crabtree v. Wells Fargo Bank, N.A.*, No. 18-cv-0377, 2018 U.S. Dist. LEXIS 112365, at *7 (D.N.M. July 6, 2018). Federal courts have repeatedly refused to permit amendments to add non-diverse parties where a properly-named defendant would be liable for, and able to pay for, the negligent acts of the proposed defendants. *See, e.g.*, *Neill v. State Farm Fire & Cas. Co.*, No. CIV-13-627-D, 2015 U.S. Dist. LEXIS 100768, at *6 (W.D. Okla. Aug. 3, 2015) (amendment to add employees unnecessary where claims against employees were "presented in [the plaintiff's] existing pleading as vicarious liability claims against [the employer]"); *Flores v. Wind Turbine & Energy Cables Corp.*, No. 5:15-CV-231-DAE, 2015 U.S. Dist. LEXIS 66667, at *8-9 (W.D. Tex. May 21, 2015); *Wilhelms v. Eddie Bauer, LLC*, No. 5:12CV1667, (N.D. Ohio Nov. 20, 2012) (denying motion for leave to amend to add corporate employees "sued solely in their capacity as employees," since "[l]iability, if any, [would] be the respondeat superior liability of the employee's employer").

Under Utah law, liability, if any, assessed against a Walmart employee for Plaintiff's injuries would be passed through to Walmart, an unquestionably solvent defendant. *See M.J. v. Wisan*, 2016 UT 13, ¶ 51, 371 P.3d 21; *Krukiewicz v. Draper*, 725 P.2d 1349, 1351 (Utah 1986). Walmart agrees it will not seek to avoid liability for any actions or omissions fairly attributable to its current or former employees. Therefore, Plaintiff will be able to get full relief without specifically naming any employees. The

parties she seeks to add are not needed to make sure she can get full relief, and are therefore very dispensable for purposes of this action.  Therefore, her motion for leave to amend should be denied.

### B.      Plaintiff's Request to Amend Was Not Made in Good Faith

An amendment to include a non-diverse party is not in good faith if it was principally motivated by the plaintiff's desire "to have [her] action remanded to the state forum, the one that [she] had originally chosen as best suited to [her] purposes."  *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980).  The history of this case shows that Plaintiff's interest in naming current and former Walmart employees has one purpose only: defeating diversity jurisdiction.  Initially, Plaintiff named Mr. Harbin as a Defendant.  Given the facts, this was certainly not because Plaintiff had any legitimate belief in Mr. Harbin's fault, but was because Plaintiff was able to identify Mr. Harbin by name as the current manager of the store.  Even now, Plaintiff stubbornly continues to allege that Mr. Harbin's alleged "horse play" somehow caused her accident. She maintains that contention even after being faced with evidence that Mr. Harbin was not present, employed at, or in any way involved with that location at the time of her accident.  Plaintiff similarly wants to name two people who engaged in accident-reporting activities after the fact: "Marshall," and Judith Barlow.  Rather than claiming those employees' actual activities—incident reporting—somehow harmed her, Plaintiff falls back on her fabrication of "horse play," to try and create a basis to bring them into

this suit.

The final employee Plaintiff wishes to name, Ian Shipley, actually was present at the time of the accident, albeit working on a different section of shelf four feet away from Plaintiff.  But the nature of her allegations against him, and the other proposed defendants, shows she is not nearly so interested in receiving relief from parties at fault as she is in defeating diversity jurisdiction.  Her overt efforts to name Walmart employees— any and all Walmart employees, however unconnected with the facts pled in her suit— shows her real intent.  This Court should not permit such works of fiction to be employed to get a Plaintiff her desired venue.  *Flandro v. Chevron Pipe Line Co.*, No. 2:18-CV-697, 2019 U.S. Dist. LEXIS 63415, at *16 (D. Utah Apr. 11, 2019) (""[A] plaintiff should not be able prevent removal [or by corollary defeat diversity] by naming a forum defendant without any genuine intention to proceed against that defendant."").

## C.    Amendment Would Prejudice Defendants to This Suit

Federal law acknowledges that diverse defendants have "an interest in retaining the federal forum."  *Hensgens,* 833 F.2d at 1182.  "[D]iversity jurisdiction provides 'a neutral forum' for parties from different States."  *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019) (quoting *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 552 (2005)).  Before adding parties that will destroy the jurisdiction of this Court, Plaintiff must show that addition is non-prejudicial and warranted.  She cannot do so. Her attempt to add any and all Walmart employees who she has even part of a name

for—regardless of their lack of involvement—is a scrambling effort to select her own forum.  It should not be permitted.

In summary, Plaintiff's motion to amend, after removal, to add non-diverse defendants should be carefully scrutinized.  *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987).  It should only be allowed if it was made in good faith, to add indispensable parties, and will not unduly prejudice Defendants.  In this case, the facts show Plaintiff's efforts to add current and former Walmart employees are made only to defeat diversity, and therefore are not made in good faith.  The parties Plaintiff seeks to add are far from indispensable, and cannot make any difference in the amount of any relief she may recover.  Finally, such an amendment at this stage would prejudice Defendant.  Accordingly, amendment to add current and former Walmart employees who certainly will not be paying any judgment awarded to Plaintiff, should not be permitted.

## <u>CONCLUSION</u>

For the above-stated reasons Defendants respectfully request this Court to deny Plaintiff's Motion for Leave to File a First Amended Complaint, and rule that she may not add more hapless Walmart employees and past employees to this action.

//

//

//

//

DATED this 19th day of January, 2021

> MORGAN, MINNOCK, RICE & MINER, L.C.
>
> */s/ Mitchel T. Rice*
> Mitchel T. Rice
> Andrea M. Keysar
> Marianne Schumann
> *Attorneys for Defendants Walmart Inc. and*
> *Kurt Harbin*

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of January, 2021, I caused a true and correct copy of the foregoing **OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** to be electronically filed and served via electronic filing, and USPS first-class mail, postage pre-paid, to the following:

       Joshua P. Berrett
       BIGHORN LAW
       2230 N. University Parkway, #2C
       Provo, Utah 84604
       josh@bighornlaw.com
       *Attorneys for Plaintiff Canyon Casteneda*

                              */s/ Megan Hale*
                              Megan Hale

# EXHIBIT A

Mitchel T. Rice, No. 6022
Andrea M. Keysar, No. 12139
Marianne Schumann, No. 14781
MORGAN, MINNOCK, RICE & MINER, L.C.
Kearns Building, Eighth Floor
136 South Main Street
Salt Lake City, Utah   84101
Telephone No.: (801) 531-7888
Facsimile No.: (801) 531-9732
Email: mrice@mmrm.com

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF UTAH, SOUTHERN DIVISION

| | |
|---|---|
| CANYON CASTENEDA, | |
| Plaintiff, | **DECLARATION OF KURT HARBIN** |
| vs. | |
| WALMART INC., KURT HARBIN; DOE WALMART EMPLOYEES 1-10; DOE WALMART MANAGERS 1-10; AND DOE RETAIL JOBBERS 1-10. | Case No.: |
| | Judge: |
| Defendants. | |

I, Kurt Harbin, hereby declare under penalty of perjury, as permitted in 28 U.S.C. § 1746, as follows:

1. I am over eighteen years of age and have personal knowledge of the matters described in this declaration.

2. I am currently a manager at the Walmart store located at 1330 S Providence Center Drive, Cedar City, Utah 84720, ("the Cedar City Walmart").

3. I did not become a manager at that store until sometime in June 2018.

4. Prior to that time, I worked at the Washington City Walmart.

5. In October 2016 I was not a manager at the Cedar City Walmart, and was not employed in any capacity at that store.

6. During October 2016, I never went into the Cedar City Walmart in any capacity.

7. Prior to June 2018, I had no responsibility for, or control over, the safety of visitors to the Cedar City Walmart, the cleanliness of the premises, the stocking or movement of merchandise, or any aspect of the condition of the premises.

8. I was not present in the Cedar City Walmart on October 11, 2016, the day of Ms. Casteneda's claimed accident.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Cedar City, Utah on October 15, 2020

Kurt Harbin   10/15/20

Kurt Harbin