IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CANYON CASTENEDA,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>WALMART, INC.; KURT HARBIN; DOE WALMART EMPLOYEES 1-10; DOE WALMART MANAGERS 1-10; and DOE RETAIL JOBBERS 1-10,<br><br>　　　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>Case No. 4:20-cv-00116-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Jude Paul Kohler |

Plaintiff Canyon Casteneda ("Plaintiff") filed a motion for leave to file an amended complaint to add three defendants to this lawsuit (the "Motion").[1] Defendant Walmart, Inc. ("Walmart") filed an opposition memorandum.[2] Plaintiff filed a reply memorandum.[3] The parties filed supplemental memoranda as directed by the Court.[4] For the reasons set forth below, the Motion is GRANTED.

## BACKGROUND

Plaintiff filed a complaint in Utah state court for negligence against defendants Walmart and Kurt Harbin, allegedly the store manager at the time of the accident.[5] Plaintiff alleges she

---

[1] Plaintiff's Motion for Leave to File First Amended Complaint (Motion), docket no. 11, filed Jan. 8, 2021.

[2] Opposition to Plaintiff's Motion for Leave to File First Amended Complaint (Opposition), docket no. 12, filed Jan. 19, 2021.

[3] Plaintiff's Reply in Support of Motion for Leave to File First Amended Complaint (Reply), docket no. 13, filed Jan. 26, 2021.

[4] Defendant's Supplemental Briefing Regarding Plaintiff's Motion for Leave to Amend, docket no. 16, filed March 12, 2021; Plaintiff's Supplemental Briefing in Support of Her Motion to Amend Complaint, docket no. 17, filed March 15, 2021.

[5] Docket no. 2-1, filed Oct. 19, 2020.

was shopping in the Walmart Supercenter in Cedar City, Utah when an object fell from a shelf and landed on her. Plaintiff attributes the accident to the negligence of Walmart employees who were engaging in "horse play" while stocking the shelves.[6]

Plaintiff alleges in her complaint that she is a Washington state citizen, Walmart is a Delaware and Arkansas citizen, and Harbin is a Utah citizen.[7] Based on diversity of citizenship[8], Walmart removed the case to federal court.[9]

## DISCUSSION

Plaintiff now seeks leave to add Judith Barlow ("Barlow"), Ian Shipley ("Shipley"), and Marshall LNU ("Marshall") as defendants.[10] Each is alleged to be an employee at the Cedar City Walmart with some involvement in Plaintiff's accident.[11]

Under Federal Rule of Civil Procedure 15(a)(2), leave to amend a complaint should be freely given when justice so requires.[12] Leave to amend should be granted unless there is "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[13]

Walmart has not shown that any of those factors are present here. Walmart's opposition to the Motion is based on the argument that a more stringent standard for amendment applies in cases where the amended complaint seeks to add a non-diverse defendant to a case that has been

---

[6] *Id*. at ¶¶ 16-18.

[7] Complaint at ¶¶ 1-4, docket no. 2-1, filed Aug. 28, 2020.

[8] 28 U.S.C. § 1332.

[9] Notice of Removal, docket no. 2, filed Oct. 19, 2020.

[10] Motion at 3-4.

[11] *Id*.

[12] Fed.R.Civ.P. 15(a)(2).

[13] *Duncan v. Manager, Dep't of Safety, City & County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005) (quotations and citation omitted).

removed from state court.[14] That may be, but Plaintiff does not seek to add a non-diverse defendant here. Barlow, Shipley, and Marshall are each alleged to be Utah citizens, while Plaintiff is alleged to be a Washington state citizen.[15] The heightened standard for non-diverse defendants accordingly does not apply.

Walmart expresses concern that Plaintiff's sole objective in adding the new defendants is to destroy diversity so this case can be remanded back to state court, Plaintiff's preferred forum.[16] But Walmart fails to explain how adding three Utah citizens as defendants in this case will destroy diversity and force a remand back to state court. Given a chance to clarify its position in the supplemental briefing, Walmart admitted that "the addition of Utah Defendants does not impact diversity jurisdiction."[17]

Although it is by no means clear, it appears the parties believe that adding Barlow, Shipley and Marshall will require remand to state court based on the forum-defendant rule stated in 28 U.S.C. §1441(b)(2):

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

That concern is unfounded, as the forum-defendant rule does not apply to forum defendants added after removal.[18, 19]

---

[14] Opposition at 4.

[15] Complaint at ¶¶ 1-4

[16] Opposition at 7: "The history of this case shows that Plaintiff's interest in naming current and former Walmart employees has one purpose only: defeating diversity jurisdiction."

[17] Defendant's Supplemental Mem. at 2.

[18] *Schubert v. Genzyme Corp.*, Case No. 2:12-cv-58-DAK, 2012 WL 3292940, at * 2 (D. Utah Aug. 10, 2012).

[19] It should be noted that Plaintiff waived its non-jurisdictional objections to removal by not filing a motion to remand within the 30 days allowed by 28 U.S.C. § 1447(c). The forum-defendant rule is not jurisdictional, so the

Walmart further contends that there is no valid basis for naming Kurt Harbin as a defendant because he was not employed at the Cedar City Walmart at the time of the accident, and submits a supporting affidavit from Harbin.[20] That is an issue of fact that will not be decided at the pleading stage of the case but may be decided on a motion for summary judgment. It may be that a Doe defendant would be more appropriate than naming a person with no connection to the case.

## ORDER

IT IS HEREBY ORDERED that the Motion[21] is GRANTED. Plaintiff is granted leave to file her First Amended Complaint in the form attached to the Motion as Exhibit A.

Signed April 1, 2021

BY THE COURT:

David Nuffer
United States District Judge

---

30-day time period applies. *Herrera v. Las Cruces Public Schools*, 695 Fed. Appx. 361, 366 (10th Cir. 2017); *Schubert*, 2012 WL 3292940 at * 2.

[20] Defendant's Supplemental Mem. at 2.

[21] Plaintiff's Motion for Leave to File First Amended Complaint, docket no. 11, filed Jan. 8, 2021.